IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAYLE LEWIS,

      Plaintiff,　　　　　　　　　　No. CIV S-12-2417 KJM-DAD

  vs.

UNITED STATES DEPARTMENT OF
WORKER'S COMPENSATION PROGRAMS;
MARCY LYON, claims examiner, and
MICHAEL FRANK, government contractor

      Defendants.　　　　　　　　　<u>ORDER</u>

_____/

      Plaintiff, proceeding pro se, filed a motion for a temporary restraining order in the above-captioned action on September 24, 2012. (ECF 1.) As the plaintiff was not properly served with the court's September 25, 2012 order (ECF 3), this order replaces that earlier order.

      Plaintiff has not filed the documents required by Local Rule 231(c); specifically, plaintiff has not filed a complaint; a brief on all relevant legal issues presented by the motion; an affidavit in support of the existence of an irreparable injury; an affidavit detailing the notice to the affected parties or counsel or showing good cause why notice should not be given; a proposed temporary restraining order with a provision for a bond; a proposed order with blanks for fixing the time and date for hearing the motion; the date for filing responsive papers, the

1

amount of the bond, if any, and the date and hour of issuance.  Plaintiff has in the alternative not alleged the impossibility of filing the above-listed documents.

Moreover, the lack of a complaint means that plaintiff cannot show the required connection between the injury alleged in the complaint and the injury described in the motion for a temporary restraining order.  *See E. & J. Gallo Winery v. Andina Licores S.A.*, 440 F. Supp. 2d 1134, 1138 (E.D. Cal. 2005); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel v. Trans World Airways,* 111 F.3d 14, 16 (4th Cir. 1997).  A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").

If plaintiff wishes to proceed with his request for a temporary restraining order, he is hereby ordered to file the above-listed documents by 1 p.m. on Tuesday, October 23, 2012.

IT IS SO ORDERED.

DATED: October 16, 2012.

_____
UNITED STATES DISTRICT JUDGE

2