1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAYLE LEWIS,

11              Plaintiff,                    No. 2:12-cv-2417 KJM DAD PS

12        v.

13   UNITED STATES DEPARTMENT OF             FINDINGS AND RECOMMENDATIONS
     WORKER'S COMPENSATION
14   PROGRAMS, et al.,

15              Defendants.

16   _____/

17              This matter came before the court on December 14, 2012, for hearing of

18   defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal

19   Rules of Civil Procedure.  Attorney Chi Kim appeared on behalf of the defendants.  Plaintiff

20   Dayle Lewis appeared at the hearing on his own behalf.  Oral argument was heard and the motion

21   was taken under submission.

22                              BACKGROUND

23              Plaintiff commenced this action on September 24, 2012, by filing an application

24   to proceed in forma pauperis and a motion for a temporary restraining order.  (Doc. Nos. 1 & 2.)

25   On September 25, 2012, the assigned District Judge ordered plaintiff to file a complaint.  (Doc.

26   No. 3.)  Plaintiff filed his complaint in this action on October 22, 2012.  (Doc. No. 5.)  Therein,

1

1  plaintiff alleges that the U.S. Office of Workers' Compensation Programs ("OWCP")

2  discriminated and retaliated against him by reducing his compensation award.  (Compl. (Doc.

3  No. 5) at 2.[1])  On November 2, 2012, the assigned District Judge issued an order denying

4  plaintiff's motion for a temporary restraining order.  (Doc. No. 7.)

5          On November 16, 2012, defendants noticed for hearing before the undersigned the

6  motion to dismiss now pending before the court.  (Doc. Nos. 10 & 12.)  Although plaintiff did

7  not file written opposition to defendants' motion, he nonetheless appeared at the December 14,

8  2012 hearing and stated his opposition to the motion.[2]

9                                    STANDARD

10         Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense,

11  by motion, that the court lacks jurisdiction over the subject matter of an entire action or of

12  specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction

13  may either attack the allegations of the complaint or may be made as a 'speaking motion'

14  attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel.

15  & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

16  /////

17

18         [1]  Page number citations such as this one are to the page number reflected on the court's
    CM/ECF system and not to page numbers assigned by the parties.

19

20         [2]  Defendants' motion could be granted solely based upon plaintiff's failure to file written
    opposition to the motion.  See Local Rule 230(c) (providing that opposition to granting of the
    motion shall be in writing and filed and served not less than fourteen days preceding the noticed
21  or continued hearing date and that no party will be entitled to be heard in opposition if opposition
    has not been timely filed); Local Rule 110 (providing that failure to comply with the Local Rules
22  "may be grounds for imposition by the Court of any and all sanctions authorized by statute or
    Rule or within the inherent power of the Court."); Local Rule 183 (governing persons appearing
23  in pro se and providing that failure to comply with the Federal Rules of Civil Procedure and
    Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction);
24  see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's
    local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)
25  ("Pro se litigants must follow the same rules of procedure that govern other litigants.").
    Nonetheless, in light of plaintiff's pro se status the undersigned will address the merits of
26  defendants' motion.

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.[3] See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

ANALYSIS

The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., "establishes a comprehensive and exclusive workers' compensation scheme for federal employees." Markham v. United States, 434 F.3d 1185, 1187 (9th Cir. 2006). Except for certain specific exceptions, FECA requires the United States to pay compensation for the disability or

---

[3] Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil Procedure.

1    death of an employee resulting from personal injury sustained while in the performance of his or
2    her duty.  5 U.S.C. § 8102(a).  FECA's exclusivity provision bars recovery for those injured
3    while working for the United States pursuant to other statutes, providing that "[t]he liability of
4    the United States . . . under this subchapter . . . is exclusive and instead of all other liability of the
5    United States . . .  to the employee . . . and any other person otherwise entitled to recover
6    damages from the United States . . .  under a Federal tort liability statute."  5 U.S.C. § 8116(c).

7          "In enacting [FECA], Congress adopted the principal compromise . . . commonly
8    found in workers' compensation legislation:  employees are guaranteed the right to receive
9    immediate, fixed benefits, regardless of fault and without need for litigation, but in return they
10   lose the right to sue the Government."  Lockheed Aircraft Corp. v. United States, 460 U.S. 190,
11   194 (1983) (citations omitted).  See also Moe v. U.S., 326 F.3d 1065, 1068 (9th Cir. 2003) ("In
12   other words, if compensation is available under FECA, all other statutory remedies for claims
13   arising under the same facts are preempted.").

14         In this regard, 5 U.S.C. § 8128(b) of FECA "provides that the courts do not have
15   jurisdiction to review FECA claims challenging the merits of benefit determinations . . . ."
16   Markham, 434 F.3d at 1187.  There are, however, two narrow exceptions to the absolute
17   jurisdictional bar on such FECA claims, but those exceptions provide jurisdiction only for the
18   court's consideration of constitutional challenges or claims for violation of a clear statutory
19   mandate or prohibition.  See Staacke v. U.S. Secretary of Labor, 841 F.2d 278, 281 (9th Cir.
20   1988).

21         Under FECA, the Secretary of Labor makes all necessary determinations and
22   findings of fact regarding payment of compensation after considering the claim presented and
23   completing such investigation as she considers necessary.  5 U.S.C. § 8124.  The Secretary may
24   prescribe rules and regulations necessary for the administration and enforcement of FECA,
25   including rules and regulations for the conduct of hearings.  5 U.S.C. § 8149.  The Secretary may
26   appoint employees to administer FECA and delegate powers.  5 U.S.C. § 8145.  The Secretary

4

1    has delegated the responsibility for administering FECA to the Director of the Office of Workers'

2    Compensation Programs ("OWCP").  20 C.F.R. § 10.1.

3              In his complaint plaintiff alleges that on September 7, 2012, he received a letter

4    from OWCP Senior Claims Examiner Marcy Lyons advising plaintiff of an "adverse action taken

5    against" him.  (Compl. (Doc. No. 5) at 1.)  The complaint alleges that after plaintiff "refused to

6    sign a fraudulent U.S. Department of Labor Form," defendant Lyons "took this adverse action,"

7    despite the fact that "the Department of Labor Worker's Compensation had NO IMMEDIATE

8    NEED to take [his] PAY . . ."[4]  (Id. at 2.)  Plaintiff's complaint requests that a "TRO be issued

9    . . . preventing further loss of [his] pay" and that "all monies taken since September 7, 2012, be

10   put back in [plaintiff's] bank account . . ."  (Id.)

11             Through his complaint filed in this action plaintiff attempts to challenge the

12   merits of a benefits determination.  Accordingly, the Court does not have subject matter

13   jurisdiction to review plaintiff's claim and this action should be dismissed.  See Markham, 434

14   F.3d at 1187; see also Theede v. U.S., 489 Fed. Appx. 182 (9th Cir. 2012) ("federal courts do not

15   have subject matter jurisdiction to review claims challenging the merits of a benefits

16   determination under FECA"); Wilson-Sauls v. Curtis, 359 Fed. Appx. 856, 857 (9th Cir. 2009)

17   ("When FECA applies, it is an exclusive remedy . . . and a determination by the Secretary of /////

18   /////

19   /////

20

21         [4]  Attached to plaintiff's complaint is a copy of the September 7, 2012 letter which
     advised him that, pursuant to 5 U.S.C. § 8113(b) and 5 U.S.C. § 8104, his compensation award
22   was being reduced because he had "failed, without good cause, to undergo vocational
     rehabilitation as directed."  (Compl. (Doc. No. 5) at 4.)  The letter also advised plaintiff that if he
23   disagreed with this decision he "should carefully review the attached appeal rights, and pursue
     whichever avenue is appropriate to [his] situation."  (Id. at 5.)  In this regard, from the date of the
24   OWCP decision, a claimant may:  (1) within 30 days, request a hearing before an OWCP hearing
     representative or request that such representative review the written record, 5 U.S.C. § 8124, 20
25   C.F.R. § 10.616; (2) within one year, request reconsideration, 5 U.S.C. § 8128, 20 C.F.R. §§
     10.606-10.607; or (3) within 180 days, file an appeal with the Employees' Compensation
26   Appeals Board ("ECAB"), 20 C.F.R. §§ 10.625, 501.3(e).

1  Labor that FECA applies is generally unreviewable by the courts")[5]; Wade v. Solis, No. C-08-

2  0001 EDL, 2009 WL 1186638, at *8 (N.D. Cal. May 4, 2009) ("This court lacks subject matter

3  jurisdiction to review denials of workers' compensation claims."); Jackson v. U.S. Dept. of

4  Labor, No. 2:06 CV 2157 RRB KJM PS, 2008 WL 539925, at *4 (E.D. Cal. Feb. 25, 2008)

5  ("The Act was not intended to allow plaintiffs to re-litigate otherwise final administrative

6  determinations.  OWCP determinations of FECA benefits are one such example.").

7                                              LEAVE TO AMEND

8              For the reasons stated above, plaintiff's complaint should be dismissed for lack of

9  subject matter jurisdiction.  The undersigned has carefully considered whether plaintiff could

10  amend his complaint to state a claim over which this court would have subject matter

11  jurisdiction.  "Valid reasons for denying leave to amend include undue delay, bad faith,

12  prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

13  1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

14  Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely

15  given, the court does not have to allow futile amendments).  In light of the nature of the

16  allegations found in plaintiff's complaint and the applicable jurisdictional bar, the undersigned

17  finds that it would be futile to grant plaintiff leave to amend.

18                                              CONCLUSION

19              Accordingly, IT IS HEREBY RECOMMENDED that:

20              1.  Plaintiff's September 24, 2012 motion to proceed in forma pauperis (Doc. No.

21  2) be denied;

22                   2.  Defendants' November 15, 2012 motion to dismiss (Doc. No. 10) be granted;

23              3.  Plaintiff's October 22, 2012 complaint (Doc. No. 5) be dismissed without

24  leave to amend; and

25

26         [5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth
   Circuit Rule 36-3(b).

6

1        4.  This action be closed.

2        These findings and recommendations are submitted to the United States District

3 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4 days after being served with these findings and recommendations, any party may file written

5 objections with the court and serve a copy on all parties.  Such a document should be captioned

6 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7 shall be served and filed within seven days after service of the objections.  The parties are

8 advised that failure to file objections within the specified time may waive the right to appeal the

9 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10 DATED: June 25, 2013.

11

12                                        _Dale A. Drozd_

13                              DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

14

15 DDAD:6
Ddad1/orders.pro se/lewis2417.mtd.f&rs

16

17

18

19

20

21

22

23

24

25

26